# In the United States Court of Federal Claims

No. 20-1834C

(E-Filed: January 11, 2022)

| | |
|---|---|
| BES DESIGN/BUILD, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>    Defendant. | Motion to Transfer; 41 U.S.C. § 7107(d). |

Todd A. Jones, Raleigh, NC, for plaintiff.

Ioana Cristei, Trial Attorney, with whom were Brian M. Boynton, Acting Assistant Attorney General, Martin F. Hockey, Jr., Acting Director, Steven J. Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. Bailey Kapfer, of counsel.

OPINION

CAMPBELL-SMITH, Judge.

  On September 20, 2021, defendant filed a motion to transfer this case to the Civilian Board of Contract Appeals (CBCA) for potential consolidation with plaintiff's cases that are currently pending before that board and to stay all proceedings in this court until the court rules on the motion to transfer. See ECF No. 17. Plaintiff filed a response in opposition to the motion to transfer on October 18, 2021, see ECF No. 20; and on October 29, 2021, defendant filed a reply in support of the motion, see ECF No. 23.

  The motion is now fully briefed, and ripe for decision. The court has considered all of the parties' arguments and addresses the issues that are pertinent to the court's ruling in this opinion. For the following reasons, defendant's motion is **GRANTED in**

**part**, as to the request for transfer, and **DENIED in part** as moot, as to the request for a stay.

I.  Background

Plaintiff filed this Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-09, case on December 11, 2020.  See ECF No. 1 (complaint).  Plaintiff and the United States Department of Veteran's Affairs (VA) contracted in 2015 for plaintiff to provide all the necessary labor and materials for a clinic renovation in Fayetteville, Arkansas.  See id. at 1.  The VA terminated the contract for default in April 2019.  See ECF No. 20 at 6.  The parties had purportedly agreed to multiple contract modifications and equitable adjustments as a result of discrepancies between the contract specifications and the conditions at the clinic, including the type of paint required and the location of a sanitary sewer to be rerouted.  See ECF No. 1 at 4-5, 7.  According to plaintiff, defendant breached the contract and its duty of good faith and fair dealing when it failed to pay plaintiff for these changes.[1]  See id. at 9-11.

Plaintiff also filed two claims at the CBCA—both in October 2019—related to defendant's purported failure to pay plaintiff's final pay application, defendant's purported failure to compensate plaintiff for a delay, and defendant's termination of the contract for default.  See ECF No. 20 at 6-7.  Defendant now moves to transfer this case to the CBCA to be considered for consolidation with plaintiff's other cases.  See ECF No. 17 at 10.

II.  Legal Standards

Pursuant to the CDA, the court has the authority to direct consolidation or transfer of a case under the following circumstances:

> If 2 or more actions arising from one contract are filed in the United States Court of Federal Claims and one or more agency boards, for the convenience of parties or witnesses or in the interest of justice, the United States Court of Federal Claims may order the consolidation of the actions in that court or transfer any actions to or among the agency boards involved.

41 U.S.C. § 7107(d).  The decision to consolidate or transfer a case "is a discretionary action that embraces a variety of factors, and is an ad hoc determination."  Multi-Roof Sys. Co. v. United States, 5 Cl. Ct. 245, 247 (1984) (citation omitted); see also Joseph Morton Co. v. United States, 757 F.2d 1273, 1280 (Fed. Cir. 1985) (noting the court's "broad discretion in exercising its power to consolidate" matters pursuant to the CDA).

---

[1]  Plaintiff also alleged a claim related to a delay caused by the discovery of asbestos but has since dismissed that claim voluntarily.  See ECF No. 14 (stipulation of dismissal).

In assessing whether consolidation or transfer is appropriate under this statute, the court considers several factors, including:

> (1) whether the same contract is involved; (2) whether the cases present the same or overlapping issues; (3) whether the [p]laintiff chose to proceed initially in the board or at the court; (4) whether substantial efforts have been expended in one forum, but not the other; and (5) whether transfer will eliminate duplication of efforts.

Precision Pine & Timber, Inc. v. United States, 45 Fed. Cl. 134, 135-36 (1999); see also In re Morse Diesel Int'l, 163 F. App'x 878, 879 (Fed. Cir. 2006) (upholding a decision by this court based on this framework for determining whether consolidation or transfer is appropriate).

III.   Analysis

In its motion, defendant argues that the circumstances in this case militate in favor of transfer. See ECF No. 17 at 6-10. Plaintiff opposes the motion, arguing that the factors weigh against transfer. See ECF No. 20 at 10-15. The court will address each factor in turn.

    A.   Whether the Same Contract Is Involved

The parties agree that the claims presented in this case and those addressed in plaintiff's cases before the CBCA "arise under the same [c]ontract." ECF No. 20 at 10; see also ECF No. 17 at 6. As such, this factor is satisfied in favor of transfer.

    B.   Whether the Cases Present the Same or Overlapping Issues

Defendant argues that this case and the cases before the CBCA, while not "packaged in identical counts," have the same central question—"the nature of [plaintiff's] performance on the [c]ontract." ECF No. 17 at 7. According to defendant, the evidence that plaintiff has presented at the CBCA "involves the issues it is litigating before the [c]ourt," id., and "many of the same witnesses and documents will be central to supporting" plaintiff's case here and at the CBCA, id. at 8. Defendant thus argues that the issues "arise out of the same operative facts and seek the same relief," ECF No. 23 at 2, in addition to requiring "similar, if not identical, legal analysis," and are therefore overlapping, id. at 3.

Plaintiff, however, argues that the issues are "vastly different," because they involve different aspects of defendant's failure to compensate plaintiff—the CBCA cases relate to a delay, a specific pay application, and the termination for default, while this case relates to pay for additional paint and sewer line work. ECF No. 20 at 10. Plaintiff

asserts that the work it claims in this case is not covered by the pay application in the CBCA cases and "just because testimony was offered at the CBCA hearing relating to the additional paint work and the sanitary sewer lines, does not mean that those issues were presented to the Board for adjudication." Id. at 11. Plaintiff further argues that the central question is also different—while the CBCA cases may have been about plaintiff's performance on the contract, this case is about "two specific items of performance." Id. at 12.

After a careful review of the issues raised in each proceeding, the court agrees with defendant that this factor supports transfer to the CBCA. Neither the statute nor the caselaw requires that the issues presented in each case be entirely synonymous to justify consolidation or transfer. Here, plaintiff seeks damages for defendant's alleged breach of contract, which, as defendant argues, is predicated on an analysis of the language of the contract and the VA's duties thereunder. See ECF No. 23 at 3. The same issues, broadly speaking, will be addressed by the CBCA as it determines whether plaintiff is entitled to compensation for other issues that arose under the contract and whether defendant appropriately terminated the contract for default.

      C.      Whether the Plaintiff Chose to Proceed Initially Either before the Board or the Court

According to plaintiff, it appealed the VA's denial of its first certified claim to the CBCA on July 17, 2019, and filed its formal complaint, BES Design/Build, LLC v. Department of Veterans Affairs, CBCA Case No. 6560, on October 10, 2019. See ECF No. 20 at 6 (citing ECF No. 17-1 at 91). Plaintiff appealed the VA's failure to issue a decision on its second certified claim to the CBCA, BES Design/Build, LLC v. Department of Veteran's Affairs, CBCA Case No. 6453, on October 11, 2019. See id. at 7 (citing ECF No. 17-1 at 96). Plaintiff filed this case on December 11, 2020. See ECF No. 1.

Plaintiff does not dispute these facts, but argues that this factor does not support transfer because its CBCA cases are "so much 'further along'[ ] that [they] have essentially concluded." ECF No. 20 at 13. Plaintiff argues that because the record is closed in its other cases, and the issues in this case were not argued before the CBCA, plaintiff "would not be able to have these issues adjudicated based on the current (and closed) record before the Board." Id. While this may be true, plaintiff's argument on this point is irrelevant as to which forum it first pursued. Further, this court cannot order consolidation of cases in another forum, and trusts that the CBCA would undertake an appropriate analysis to determine whether this case should remain a separate but related case or be consolidated with plaintiff's other cases.

Because plaintiff's CBCA cases were filed first, this factor favors transfer.

   D.   Whether Substantial Efforts Have Been Expended in One Forum

Defendant argues that both parties have "already expended—and will continue to expend—substantial effort" litigating plaintiff's CBCA cases. ECF No. 17 at 8. Plaintiff repeats its prior argument that the CBCA cases are much further along, to the point that they have "essentially concluded." ECF No. 20 at 14.

The parties have been through the CBCA's discovery process and concluded a hearing at the CBCA on both cases. See id. In comparison, proceedings before the court have not progressed even to the filing of an answer. The CBCA has clearly invested more substantial resources in plaintiff's cases than the court has in the instant litigation. For these reasons, this factor supports transfer.

   E.   Whether Transfer Will Eliminate Duplication of Efforts

Given the overlapping nature of the issues presented before the CBCA and the court, defendant argues that litigation in one forum will "eliminate unnecessary duplication of efforts" and mitigate against the possibility of this court's decision being collaterally estopped by the CBCA's decision. Id. at 9. Specifically, defendant argues that the CBCA's decision, given the evidence before it, "would likely result in claim or issue preclusion with one or both claims here." ECF No. 23 at 5. Defendant further contends that transferring this case would permit both the forum and defendant's attorneys with the most familiarity with the facts at issue to hear the case, eliminating unnecessary effort by the court and counsel in becoming familiar with the case. See id. at 6. In opposition, plaintiff reiterates its argument that the issues in this case are different from the CBCA issues, and that a transfer would necessarily require the CBCA to reopen discovery and the record to litigate the additional issues. See ECF No. 20 at 14-15.

The court, again, agrees with defendant. The court's and the parties' resources are better allocated to matters that are not being evaluated concurrently by a separate tribunal. In addition, plaintiff's argument that the CBCA would be required to re-open the previously-filed cases assumes that this matter would be consolidated with the earlier cases, which is not necessarily the case. As such, this factor supports transfer.

IV.   Conclusion

Accordingly, for foregoing reasons:

   (1)   Defendant's motion to transfer this case to the CBCA, ECF No. 17, is **GRANTED in part**, as to the request for transfer, and **DENIED in part** as moot, as to the request for stay; and

5

(2) The clerk's office is directed to **TRANSFER** this case to the Civilian Board of Contract Appeals by **DELIVERING** a certified copy of this opinion, a copy of the docket sheet in this matter, and copies of the documents that comprise the balance of the record to:

Civilian Board of Contract Appeals
Scott W. Sylke, Clerk of the Board
1800 M Street, NW, 6th Floor
Washington, DC 20036

IT IS SO ORDERED.

                                                s/Patricia E. Campbell-Smith
                                                PATRICIA E. CAMPBELL-SMITH
                                                Judge